# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ROBINSON, | : | Civil No. 1:22-CV-01742 |
| Petitioner, | : | |
| v. | : | |
| STEPHEN SPAULDING, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On November 2, 2022, Petitioner Sean Robinson ("Petitioner"), a prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 1651. (Doc. 1.) Petitioner seeks an order directing the Bureau of Prisons ("BOP") to calculate and apply his earned time credits ("ETC") under the First Step Act ("FSA"), which he asserts will provide for his transfer to home confinement or prerelease on January 12, 2023. Petitioner also alleges that this court judicially amended the petition by providing notice to the United States Attorney's Office. As a result, he filed a motion to dismiss any claims against the United States. (Docs. 7, 8.) For the reasons discussed below, the court will deny the petition, deny Petitioner's motion to dismiss, and dismiss the petition.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is serving an 80-month term of incarceration in federal prison. (Doc. 6-1.)  Petitioner's current projected release date is May 12, 2026.  (*Id*.)  On November 2, 2022, Petitioner completed assessments in cognition and family/parenting.  (Doc. 6-1, pp. 4, 12.)  On that same date, Petitioner filed the instant petition asserting that the BOP is denying him the FSA credits to which he is entitled.  (Doc. 1.)  Respondent filed a response to the petition on November 22, 2022.   (Doc. 6.)  Included with the response was an October 9, 2022 FSA assessment stating that Petitioner had accrued no program days.  (Doc. 6-1, p. 14.) The FSA assessment showed that Petitioner had started the cognitive and family/parenting assessments on June 27, 2022, and was currently working towards their completion.  (*Id*.)  A November 4, 2022 FSA Inmate History shows that theses assessments were completed on November 2, 2022.  (*Id*., p. 12.)  It also states that these two assessments were refused.  (*Id*.)  Respondent also provided an affidavit from Attorney Advisor Jennifer Knepper stating that because these outstanding assessments were completed, Petitioner is now in earning status for ETCs under the FSA.  (*Id*., p. 4.)

Respondent asserts that Petitioner's petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is now

2

eligible for ETCs under the FSA, so his petition is moot. (Doc. 6.) For the reasons discussed below, the court agrees with Respondent and finds that Petitioner's § 2241 petition must be denied for his failure to exhaust administrative remedies.

Petitioner filed a motion to dismiss on December 16, 2022, alleging that this court judicially amended the petition by providing notice to the United States Attorney's Office and seeking to dismiss all claims against the United States. (Docs. 7, 8.) This court followed the Federal Rules of Civil Procedure in serving the United States Attorney, and will deny Petitioner's motion.

## DISCUSSION

### A. The Court Construes The Petition As a Writ For Habeas Corpus Under 28 U.S.C. § 2241.

Petitioner repeatedly states his petition is filed under 28 U.S.C. § 1651. (Doc. 1.) The statute, which is referred to as the "All Writs Act," provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651(a). Since this is a petition to find Petitioner eligible for ETC, the proper statute for the petition to be filed under is 28 U.S.C. § 2241. *See Cardona v. Bledsoe*, 681 F. 3d 533, 535 (3d Cir. 2012) ("§ 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.")

3

(internal citations omitted)).  Therefore, the court liberally construes the petition as a § 2241 petition.

### B. Petitioner Failed To Exhaust His Administrative Remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."  *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134

F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Petitioner concedes in his petition that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. 1.) The record provided by Respondent indicates that Petitioner has filed no administrative remedy during his time in BOP custody. (Doc. 6-1, p. 10.)

5

Petitioner argues that exhaustion should be excused because the delay would result in him being incarcerated beyond the date he should be released to home confinement or prerelease. (Doc. 1, p. 3.)  The court recognizes that in *Lyons v. Marshals*, the Third Circuit found that there was a genuine issue of fact as to whether or not petitioner was relieved of the administrative exhaustion requirement because the conditions of his pretrial confinement combined with a limited redress available in the administrative process and his reasonable belief that he would be unable to secure timely access to that process, could be viewed as rendering the lengthy administrative proceedings futile.  840 F.2d 202, 207 (3rd Cir. 1988).

The instant case, however, does not involve a pretrial detainee, but an individual servicing an 80-month sentence.  (Doc. 6-1, p. 8.).  Therefore, the exhaustion requirement cannot be excused. *See Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020)  (noting that the petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests"); *see also Rominger v. Spaulding*, No. 1:21-cv-943, 2021 WL 2894760, at *3 (M.D. Pa. July 9, 2021); *Rehfuss v. Spaulding*, No. 1:21-cv-677, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021); *Ware v. Quay*, 1:21-cv-646, 2021 WL 2550253, at *2 (M.D. Pa. June 22, 2021); *Bradley v. Spaulding*, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021); *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021); *Maggio v.*

*Joyner*, No. 7:21-21-DCR, 2021 WL 1804915, at *1–2 (E.D. Ky. Mar. 25, 2021). Furthermore, Petitioner became eligible for ETCs on the date he initiated this action. Therefore, his alleged grievance could have been resolved promptly without delaying his release. Thus, the court agrees with Respondent that the petition must be dismissed for failure to exhaust his administrative remedies.

### C. The Merits of the § 2241 Motion Will Not Be Discussed.

Because Petitioner failed to exhaust his administrative remedies, the court need not address the merits of his petition at this time.

### D. Petitioner's Motion to Dismiss Will Be Denied.

On December 16, 2022, Petitioner filed a motion to dismiss. (Doc. 7.) In his brief in support of the motion, Petitioner argued that this court judicially amended the petition by providing notice to the United States Attorney's Office. (Doc. 8.) Therefore, Petitioner requests that the any claims against the United States be dismissed under Fed. R. Civ. P. 12. (*Id.*) Plaintiff named Stephen Spaulding as the respondent in his petition. (Doc. 1.) Petitioner refers to him as the "local Immediate Custodian." (Doc. 8, p. 1.) Stephen Spaulding is the warden at USP-Lewisburg. Therefore, Stephen Spaulding is an employee of the United States. When an officer or employee of the United States is named in an action in federal court, service must be made on the United States Attorney for the district where the action is brought. Fed. R. Civ. P 4(i). Therefore, serving the United

7

States Attorney was at the direction of the Federal Rules of Civil Procedure and not a means of naming the United States as a party to this action. Therefore, Petitioner's motion is denied.

## CONCLUSION

For the foregoing reasons, the court will deny Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Additionally, the court will deny Petitioner's motion to dismiss. (Doc. 7.) An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 7, 2023